# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ESTATE OF MARSHA ANN SCHROEDER | * | |
| | * | |
| v. | * | Civil No. – JFM-09-732 |
| | * | |
| CONSTAR, INC., ET AL. | * | |

******

## MEMORANDUM

The Estate of Marsha Ann Schroeder has brought this action against Metropolitan Life Insurance Company ("Met Life") and Constar, Inc., claiming that it is entitled to life insurance benefits in excess of the $2,500 retirement benefits MetLife previously paid to Ms. Schroeder's husband. Ms. Schroeder was previously an employee of Constar, and MetLife is the fiduciary under the ERISA plan maintained by Constar under which the Estate seeks life insurance benefits. Defendants have filed a motion for summary judgment. The motion will be granted.

The ERISA plan explicitly grants MetLife discretionary authority to make decisions regarding the payment of claims under the Plan. Thus, MetLife's decision to deny the benefits sought by the Estate must be sustained unless that decision constituted an abuse of discretion. *See generally Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). Here, MetLife's decision to deny payment of requested benefits clearly did not constitute an abuse of discretion. Ms. Schroeder had retired from Constar when she died. Therefore, under the terms of the Plan life insurance benefits were payable only if (1) Ms. Schroeder's total disability began before she attained the age of 60, or (2) Ms. Schroder had converted her coverage after she retired. The record establishes that Ms. Schroeder was 61 years old when she stopped working because of her disability and that she never converted her policy. Accordingly, MetLife's decision not to pay

1

the additional benefits clearly was correct.

A separate order granting defendant's motion and entering judgment on their behalf is being entered herewith.

Date: August 13, 2010            ___/s/_____
J. Frederick Motz
United States District Judge